[Cite as *R.K. v. T.K.*, 2017-Ohio-7855.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | | NINTH JUDICIAL DISTRICT |
| | ) | | |

R. K.

     Appellee

v.

T. K.

     Appellant

C.A. No.    28576

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2015-07-2236

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

HENSAL, Presiding Judge.

{¶1} T.K. appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.

I.

{¶2} This appeal involves the disqualification of an attorney in a domestic relations case. In 2008, R.K. ("Mother") hired attorney Richard Hackerd to represent her in a custody case involving M.K. ("Daughter") against Daughter's biological father. After prevailing in that case, Mr. Hackerd represented Mother and T.K. ("Adoptive Father") with respect to Adoptive Father's adoption of Daughter. Years later, Mother and Adoptive Father divorced. Thereafter, Mr. Hackerd entered an appearance on behalf of Adoptive Father relative to certain post-decree matters. Given Mr. Hackerd's prior representation of Mother, Mother moved to disqualify Mr. Hackerd as counsel for Adoptive Father.

{¶3} A magistrate held a hearing on March 7, 2017, during which the magistrate addressed Mother's motion to disqualify Mr. Hackerd. Mother testified that Mr. Hackerd's representation of Adoptive Father would give Adoptive Father an unfair advantage in the post-decree proceedings. In this regard, she testified that she shared "very personal [and] possibly inflammatory things" about herself with Mr. Hackerd during his prior representation of her, and that she had not shared those things with Adoptive Father.

{¶4} Prior to Mother's re-direct examination, Mr. Hackerd stated that he "would like to reserve the right to call [Adoptive Father] with respect to this matter." After his re-cross examination of Mother, Mr. Hackerd stated that "[s]ubject to [his] reservation of rights, [he] ha[d] nothing at this time." Neither party presented additional witnesses, and the magistrate indicated that she would take the matter under advisement and issue a decision.

{¶5} Approximately one week later, the trial court issued a judgment entry, granting Mother's motion to disqualify Mr. Hackerd. Adoptive Father now appeals, raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT VIOLATED [ADOPTIVE FATHER'S] CONSTITUTIONALLY GUARANTEED RIGHT TO DUE PROCESS AND HIS RIGHT TO COUNSEL OF HIS CHOICE WHEN IT GRANTED [MOTHER'S] MOTION TO DISQUALIFY HIS ATTORNEY WITHOUT JUST CAUSE.

{¶6} In his assignment of error, Adoptive Father asserts that the trial court violated his due-process rights because it: (1) granted Mother's motion to disqualify his attorney without any explanation of its reasoning; (2) denied him the opportunity to present evidence despite his

counsel's reservation of rights to do so; and (3) issued a judgment entry despite the fact that the magistrate never issued a decision from which he could file objections.

**{¶7}** As an initial matter, we note that an appellant has the burden of establishing error on appeal. *In re J.S.*, 9th Dist. Summit No. 28154, 2016-Ohio-5120, ¶ 12. Appellate Rule 16(A)(7) requires an appellant's brief to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶8}** Here, Adoptive Father has not developed arguments with respect to his latter two assertions, that is, that the trial court denied his due-process rights by denying him the opportunity to present evidence despite his counsel's reservation of rights to do so, and by issuing a judgment entry despite the fact that the magistrate never issued a decision from which he could file objections. Instead, his merit brief relies upon conclusory statements without any citations to authority. Such conclusory statements are insufficient for purposes of establishing error on appeal. To the extent that arguments exist to support Adoptive Father's assertions, it is not this Court's duty to root them out. *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (1998), citing App.R. 12(A)(2) and App.R. 16(A)(7). Our analysis, therefore, will focus on Adoptive Father's first assertion, that is, that the trial court denied his due-process rights because it granted Mother's motion to disqualify his attorney without any explanation of its reasoning.

**{¶9}** "[T]his Court reviews a trial court's ruling on a motion to disqualify counsel for an abuse of discretion." *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8.

An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} "When determining whether the disqualification of an attorney is proper, the initial step involves evaluating the nature and scope of a past attorney-client relationship between the party seeking disqualification and the attorney it seeks to disqualify." *Menke* at ¶ 10, citing *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 8 (1998) and *Dana Corp v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882 (6th Cir.1990). "The Supreme Court of Ohio has held that if a prior attorney-client relationship exists, 'a court must determine whether a substantial relationship exists between prior and present representations.'" *Id.*, quoting *Kala* at 8. "[I]f a substantial relationship is found between the current matter and the prior matter, the court must examine whether the attorney shared in the confidences and representation of the prior matter." (Internal quotations omitted.) *Id.* Notably, "there is a rebuttable presumption of shared confidences arising from prior representation." *Id.*

{¶11} Adoptive Father argues that a trial court abuses its discretion when it acts "without explanation" and "without reference to established legal precedence[.]" Adoptive Father then analyzes the legal standard for attorney disqualification, concluding that the trial court abused its discretion because it did not apply the applicable legal standard.

{¶12} Regarding his due-process rights, Adoptive Father has cited no authority in support of his position that a conclusory judgment entry violates a party's due-process rights. *See* App.R. 16(A)(7). We will not create such an argument on his behalf. *Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934 (1998), at *8.

{¶13} Regarding the merits of the trial court's decision, Adoptive Father acknowledges that the underlying dispute involves custody issues related to Daughter, but argues that: (1) the

2008 dispute involved different issues (i.e., child support and "the exit of the birth Father from the child's life") and different parties (i.e., Daughter's biological father and Mother); (2) the two cases are several years apart; and (3) Mr. Hackerd did not acquire confidential information from Mother. With respect to the latter point, Adoptive Father cites an affidavit wherein he averred that he was aware of the potentially inflammatory information Mother claimed was privileged.

{¶14} Having reviewed the record, we cannot say that the trial court abused its discretion when it granted Mother's motion to disqualify Mr. Hackerd. We are unpersuaded by Adoptive Father's argument that the two cases, which both involve custody issues related to Daughter, are not substantially related, nor are we convinced that the length of time between the two cases has any significant bearing on the attorney-disqualification analysis. Further, to the extent that the trial court's decision relied upon a credibility determination as to whether Adoptive Father was aware of the alleged confidential information, that determination is entitled to considerable deference on appeal. *State v. Scheiman*, 9th Dist. Medina No. 04CA0047-M, 2005-Ohio-15, ¶ 22-23. Adoptive Father has failed to establish error on appeal, and, accordingly, his assignment of error is overruled.

III.

{¶15} Adoptive Father's assignment of error is overruled. The Judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

RICHARD E. HACKERD, Attorney at Law, for Appellant.

TERENCE E. SCANLON, Attorney at Law, for Appellee.