[Cite as *J.Y. v. J.Y.*, 2018-Ohio-3522.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

J.Y.

    Appellee

    v.

J.Y.

    Appellant

C.A. No.    17CA0037-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17DV00005

DECISION AND JOURNAL ENTRY

Dated: September 4, 2018

CARR, Judge.

**{¶1}** Appellant J.Y. ("Father") appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

**{¶2}** On January 9, 2017, Father's former spouse, Appellee J.Y. ("Mother") filed a petition for a domestic violence civil protection order against Father on behalf of the parties' two children. The allegations in the petition included that the older son had threatened suicide and, after being hospitalized, revealed that he was very afraid of Father. Additionally, the petition included allegations that the children had witnessed Father threaten to kill himself with a handgun. An ex parte civil protection order was issued and the matter proceeded to a full hearing before a magistrate. The magistrate granted the petition and the trial court adopted the entry. Father did not file objections, and instead appealed, raising a single assignment of error for our review.

II.

## **ASSIGNMENT OF ERROR**

THE EVIDENCE PRESENTED AT [THE] HEARING WAS INSUFFICIENT TO SUPPORT THE DOMESTIC RELATIONS COURT'S ISSUANCE OF THE REQUESTED DVCPO AGAINST APPELLANT-FATHER AND, FURTHER, THE ISSUANCE OF THAT DVCPO WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**{¶3}** Father argues in his sole assignment of error that there was insufficient evidence to support the issuance of the domestic violence civil protection order and that such issuance was against the manifest weight of the evidence. Because Father failed to adhere to the procedural requirements of Civ.R. 65.1, we do not address the merits of his arguments.

**{¶4}** Civ.R. 65.1(F)(3)(d)(i) provides, in relevant part, that, "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order." "While former Rule 65.1(G) provided that an order issued after a full hearing was a final, appealable order with or without the subsequent filing of objections, that Rule was amended in July 2016." *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5. Civ.R. 65.1(G) now states:

> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

**{¶5}** Unfortunately, Father did not file objections prior to filing an appeal as required by Civ.R. 65.1(G). Moreover, the fact that the domestic violence civil protection order indicated that it was a final appealable order did not excuse Father from complying with the procedural

requirements of Civ.R. 65.1. *A.S. v. D.S.* at ¶ 6. Because Father failed to file objections, we decline to address the merits of his assignment of error. *See id.*

**{¶6}** Father's assignment of error is overruled.

### III.

**{¶7}** Father's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

DAVID V. GEDROCK, Attorney at Law, for Appellant.

GERALD D. PISZCZEK, Attorney at Law, for Appellee.