[Cite as *R.D. v. D.D.*, 2019-Ohio-1390.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

R. D.

    Appellee

    v.

D. D.

    Appellant

C.A. No.     18CA0051-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18DV0102

DECISION AND JOURNAL ENTRY

Dated: April 15, 2019

---

SCHAFER, Presiding Judge.

{¶1} Respondent-Appellant, D.D, appeals judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

{¶2} On May 15, 2018, R.D. filed a petition for a domestic violence civil protection order against her husband, D.D. In the petition, R.D. sought relief for herself and on behalf of the parties' three children. A magistrate issued an ex parte civil protection order, and the matter was set over for a full hearing. On May 31, 2018, the magistrate granted the petition and entered the civil protection order and the trial court adopted the order that same day. D.D. did not file objections to the magistrate's decision, but instead filed his appeal raising three assignments of error for our review. For ease of discussion, we consolidate D.D.'s assignments of error.

II.

### Assignment of Error I

**The trial court erred as a matter of law and abused its discretion in finding by a preponderance of the evidence that [R.D] or [R.D.]'s family or household members are in danger or have been a victim of domestic violence or sexually oriented offenses as defined in R.C. 3113.31(A) committed by [D.D].**

### Assignment of Error II

**The trial court's decision to grant [R.D.]'s petition for a domestic violence civil protection order which named as protected persons [R.D] and her three children is against the manifest weight of the evidence.**

### Assignment of Error III

**The trial court erred and abused its discretion in expanding the scope of the domestic violence civil protection order to preclude [D.D.] from possessing, using, carrying, or obtaining any deadly weapon and from using or possessing alcohol or illegal drugs.**

{¶3}    D.D. challenges both the sufficiency and the manifest weight of the evidence supporting the trial court's decision to grant the civil protection order.  He also argues that the trial court abused its discretion by including in the order a restriction on deadly weapons and prohibition that D.D. not abuse alcohol or illegal drugs.  Unfortunately, because D.D. did not adhere to the procedural requirements of Civ.R. 65.1, we are unable to address the merits of his appeal.

{¶4}    Civ.R. 65.1 applies to special statutory proceedings, such as this petition for a protection order pursuant to R.C. 3113.31.  According to Civ.R. 65.1(F)(3)(d)(i) "[a] party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order."  The rule also states that

an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party *must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.) Civ.R. 65.1(G).

**{¶5}** Our review of the record reveals that D.D. did not file timely objections to the court's adoption of the magistrate's granting of the civil protection order, as required by Civ.R. 65.1(G), prior to instituting this appeal. Despite the trial court's indication that the protection order was a final appealable order, D.D. was not excused from complying with the procedural requirements of Civ.R. 65.1 to file timely objections. *J.Y. v. J.Y.*, 9th Dist. Medina No. 17CA0037-M, 2018-Ohio-3522, ¶ 5. Consequently, we decline to address the merits of this appeal. *See id.*

**{¶6}** D.D.'s assignments of error are overruled.

III.

**{¶7}** D.D.'s assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

GERALD D. PISZCZEK, Attorney at Law, for Appellant.

R. D., pro se, Appellee.