**[Cite as *N.S. v. E.J.*, 2020-Ohio-4971.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| N. S. | C.A. No.  29657 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| E. J. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.  CV 2019-05-1917 |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2020

SCHAFER, Judge.

{¶1} Petitioner-Appellant, N.S., appeals the judgment entry of the Summit County Court of Common Pleas adopting the magistrate's decision denying the protection order. For the reasons that follow, this Court affirms.

I.

{¶2} On May 24, 2019, N.S. filed a petition for a civil stalking protection order ("CSPO") pursuant to R.C. 2903.214. N.S. sought an order of protection from Respondent-Appellee, E.J. The trial court denied N.S.'s request for an ex parte protection order that day and set the matter for a full hearing.

{¶3} The full hearing was held over two days on July 11 and 22, 2019. N.S. appeared at the hearing represented by counsel. E.J. appeared along with a woman, A.E., who was N.S.'s coworker and also the girlfriend of E.J. A.E. appears to be named as

respondent in another petition for a CSPO filed by N.S. in a separate case. Both E.J. and A.E. were represented by counsel at the hearing.[1] The magistrate indicated that another individual who witnessed one of the interactions N.S. cited as a basis for her petition also appeared at the hearing. At the conclusion of the hearing, the magistrate took the matter under advisement and granted N.S.'s request to submit a post-hearing brief in support of her position.

{¶4} The magistrate issued a decision on October 18, 2019, concluding that N.S. "did not establish by a preponderance of the evidence that [E.J. and A.E.] have engaged in conduct that has caused [N.S.] to believe that [E.J. or A.E.] would cause her physical harm or mental distress." The magistrate declined to issue a protection order and ordered the case dismissed with prejudice pursuant to Civ.R. 41(B)(1). The trial court approved and adopted the magistrate's denial of the protection order.

{¶5} On November 1, 2019, N.S. filed an objection to the order denying the protection order and indicated that she would need thirty days to file a transcript of the hearing. N.S. did not file the transcript of the hearing. On December 30, 2019, the trial court issued an order sustaining N.S.'s objection to the Civ.R. 41(B)(1) dismissal, but overruling N.S.'s remaining objections.

{¶6} N.S. timely appealed the trial court's order and raised two assignments of error for our review. E.J. did not file a merit brief in this matter. Thus, we may accept

---

[1] The separate cases against E.J. and A.E. were not consolidated, but the magistrate addressed both petitions at the hearing and in her decision. N.S. only appealed the denial of her petition against E.J. Therefore, the denial of her petition against A.E. is not subject to the present appeal.

N.S.'s statement of the facts and issues as correct and reverse the judgment if her merit brief reasonably appears to sustain such action. App.R. 18(C). To facilitate our review, we consolidate her assignments of error.

II.

### Assignment of Error I

**The trial court erred by requiring [N.S.] to prove a threat of or a fear of physical harm and mental distress to obtain a [CSPO] under R.C. 2903.211(A). * * *.**

### Assignment of Error II

**The trial court erred by ruling that unauthorized withdrawals from [N.S.]'s bank account are not the type of criminal conduct that the elements of menacing by stalking statute, R.C. 2903.211(A), was enacted to cover.**

{¶7} In her assignments of error, N.S. contends that the magistrate erred as a matter of law by allegedly requiring her to prove both a threat of or a fear of physical harm and mental distress, and by concluding N.S.'s allegations that E.J. made unauthorized withdrawals from N.S.'s bank account would not constitute the type of conduct contemplated by R.C. 2903.211.

{¶8} Following the full hearing, the magistrate issued a decision finding that E.J. may have engaged in a pattern of conduct wherein he threatened legal action against N.S., but he did not make a threat of physical harm. The magistrate further found that even if, as N.S. alleged, E.J. and A.E. made unauthorized charges on N.S.'s debit card, that conduct would not satisfy the elements of menacing by stalking under R.C. 2903.211. The magistrate considered N.S.'s testimony about her emotional distress and fear, but found

that N.S. "waivered" in her testimony and found that her "allegation that she is afraid of [E.J. and A.E.] because of their criminal behavior[, the alleged theft,] was not convincing for purposes of establishing [E.J. and A.E.] engaged in conduct that constitutes menacing by stalking." The magistrate concluded that N.S. failed to establish by a preponderance of the evidence that E.J. engaged in conduct that caused her to believe he would cause her physical harm or mental distress, denied N.S.'s petition for a CSPO, and ordered the case dismissed with prejudice pursuant to Civ.R. 41(B)(1). The trial court approved and adopted the order denying the protection order.

{¶9} N.S. filed an objection to the order denying the protection order on November 1, 2019, and requested thirty days to file a transcript of the hearing. In her brief in support of her objection, N.S. first objected on the grounds that the magistrate erred by dismissing her case for failure to prosecute pursuant to Civ.R. 41(B)(1). Second, N.S. objected on the grounds that the magistrate's determination that she did not meet her burden is not supported by the evidence of record and is an error of law evident on the face of the order. N.S. raised four arguments in support of this objection: (1) "The magistrate's decision relied upon an incomplete definition for 'pattern of conduct[,]'" (2) "The credible evidence of record is insufficient to support the magistrate's finding that [N.S.] did not sufficiently establish a pattern of conduct pursuant to R.C. 2903.211[,]" (3) "The credible evidence of record is insufficient to support the magistrate's finding that petitioner did not sufficiently establish mental distress[,]" and (4) "[N.S.] demonstrated that [E.J.] acted knowingly[.]"

{¶10} On December 30, 2019, the trial court issued an order ruling on N.S.'s objections. Initially we note that the trial court cited to the Civ.R. 53 standard in ruling on the objections. However, a petition for a CSPO pursuant to R.C. 2903.211 is a special statutory proceeding governed by Civ.R. 65.1, Civ.R. 65.1(A), and a court may refer such proceedings to a magistrate for a full hearing and determination, Civ.R. 65.1(F)(3). When the proceedings are referred to the magistrate to conduct the full hearing, the magistrate, upon conclusion of the hearing, shall deny or grant a protection order. Civ.R. 65.1(F)(3)(a). A magistrate's denial or granting of a protection order after full hearing under Civ.R. 65.1 does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3), and is not subject to the requirements of those rules. Civ.R. 65.1(F)(3)(b).

{¶11} Nonetheless, the trial court's review was sufficient to comply with the Civ.R. 65.1 standard and N.S. has not argued otherwise. *See T.M. v. R.H.*, 9th Dist. Summit No. 29556, 2020-Ohio-3013, ¶ 9 ("[D]espite the trial court's citation to Civ.R. 53, the court applied the appropriate standard under Civ.R. 65.1."). Civ.R.65.1(F)(3)(d) specifies the procedures for a party to file objections to a trial "court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing[.]" A party may file written objections within fourteen days of the trial court's filing of the order denying the protection order. Civ.R.65.1(F)(3)(d)(i). A party filing objections "has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting * * * of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R.65.1(F)(3)(d)(iii).

{¶12} Of particular significance here is the requirement that objections "based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available." Civ.R.65.1(F)(3)(d)(iv). "The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause." *Id.* Further, if the objections are timely filed, "prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Id.* "[A] party must timely file objections to [an order adopting a magistrate's denial of a protection] order under [this rule] prior to filing an appeal[.]" Civ. R. 65.1(G).

{¶13} Upon consideration of N.S.'s objections, the trial court found that N.S. failed to file the necessary transcripts within the prescribed thirty days and noted that she had not requested an extension of time to do so. On that basis, the trial court overruled N.S.'s evidentiary-based objections. Regarding N.S.'s arguments alleging an error of law, the trial court sustained N.S.'s objection that her petition was improperly dismissed pursuant to Civ.R. 41(B)(1). However, the trial court concluded that there were no other errors of law in the order. Accordingly, the trial court reaffirmed its adoption of the magistrate's findings of fact and conclusions of law and denial of the CSPO, and dismissed the matter with prejudice.

{¶14} On appeal, N.S. argues that the order denying her petition for a CSPO contains two errors of law and asks this Court to conduct a de novo review of the matter

and reverse the decision of the trial court. However, N.S. did not raise these arguments in her objections to the trial court below.

{¶15} As noted above, "a party must timely file objections to [an order adopting a magistrate's denial of a protection] order under [this rule] prior to filing an appeal[.]" Civ. R. 65.1(G). In addition to timely asserting her objections, N.S. had "the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting * * * of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R.65.1(F)(3)(d)(iii). Although N.S. did file timely objections, she failed to object on either of the bases she has raised in these two assignments of error. Consequently, the trial court never had the opportunity to consider whether N.S. met her burden under Civ.R.65.1(F)(3)(d)(iii) to show the errors of law she now attempts to argue for the first time on appeal.

{¶16} Because N.S. failed to raise in the court below the issues she now attempts to assign as error on appeal, we cannot reach the merits of her arguments. *See R.S. v. J.W.*, 9th Dist. Summit No. 28970, 2018-Ohio-5316*, ¶* 17 (declining to address on appeal arguments appellant failed to raise as objections to the magistrate's decision), citing *J.Y. v. J.Y.*, 9th Dist. Medina No. 17CA0037-M, 2018-Ohio-3522, ¶ 5. Therefore, both of N.S.'s assignments of error are overruled.

III.

{¶17} N.S.'s first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

SUSAN M. FITCH, Attorney at Law, for Appellant.

MATTHEW TALLEY, Attorney at Law, for Appellee.