[Cite as *A.D. v. K.S.-S.*, 2021-Ohio-633.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

A.D.

     Appellee

     v.

K. S-S.

     Appellant

C.A. No.     20CA011628


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     19JY57629

DECISION AND JOURNAL ENTRY

Dated: March 8, 2021

---

CALLAHAN, Presiding Judge.

{¶1}    Appellant, K.S-S., appeals a juvenile protection order issued by the Lorain County Court of Common Pleas, Juvenile Division. This Court reverses.

I.

{¶2}    A.D. sought a juvenile protection order on behalf of her daughter, A.E.D., alleging that following an altercation with K.S-S., A.E.D. feared for her safety. The magistrate granted an ex parte protection order restraining K.S-S. from contact with A.E.D. for one year and scheduled the matter for a full hearing. Following that hearing, the magistrate recommended a one-year protection order. The trial court adopted the magistrate's decision, and K.S-S. objected, arguing, in part, that the evidence presented at the hearing did not establish that A.E.D. feared that she was in danger of future harm. The trial court overruled the objections, and K.S-S. filed this appeal.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S ISSUANCE OF A JUVENILE PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE RECORD LACKS SUFFICIENT CREDIBLE EVIDENCE TO SUPPORT ISSUANCE OF THE ORDER.

{¶3}   K.S-S.'s assignment of error argues that the trial court erred by issuing a juvenile protection order because the evidence did not demonstrate that A.E.D. was in danger of future harm.  This Court agrees.

{¶4}   In general, the decision to issue a protection order is one entrusted to the discretion of the trial court.  *See W.B. v. T.M.*, 9th Dist. Lorain No. 19CA011474, 2020-Ohio-853, ¶ 8, citing *Lundin v. Niepsuj*, 9th Dist. Summit No. 28223, 2017-Ohio-7153, ¶ 19.  In issuing a protection order, however, the trial court must find that the petitioner established by a preponderance of the evidence that the order should issue.  *See W.B.* at ¶ 8, quoting *Lundin* at ¶ 19.  Consequently, when an appellant challenges the evidence underlying a protection order, "as in other civil cases, we review the evidence underlying protection orders to determine whether sufficient evidence was presented or whether the protection order is against the manifest weight of the evidence."  *A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 4 (noting that this Court reviews the weight or sufficiency of the evidence supporting a protection order, but "[w]ith respect to the scope of a protection order * * * we consider whether the trial court abused its discretion.").  *Compare W.B.* at ¶ 8, quoting *Lundin* at ¶ 19.

{¶5}   When a party challenges a protection order on the grounds that it is against the manifest weight of the evidence, this Court

> "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder

of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."

(Internal citations omitted and alterations in original.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the judgment. *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986), citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶6} In order to establish that a juvenile protection order should issue, a petitioner must demonstrate that the respondent has committed a violation of an offense listed in R.C. 2151.34(C)(2). *See* R.C. 3151.34(C). *See also In re E.P.*, 8th Dist. Cuyahoga No. 96602, 2011–Ohio–5829, ¶ 20-26. The petitioner must also demonstrate that the protected person is in danger of further abuse. *See Wetterman v. B.C.*, 9th Dist. Medina No. 12CA0021-M, 2013-Ohio-57, ¶ 13; *In re E.P.* at ¶ 28, citing *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus.

{¶7} "'The juvenile civil protection order statute, R.C. 2151.34, is similar to the civil domestic violence statute, R.C. 3113.31, in that both are designed to protect the [protected person] from *future* harm.'" (Emphasis in original.) *Wetterman* at ¶ 10, quoting *In re E.P.* at ¶ 29. Juvenile protection orders are not intended to address past incidents. *See Wetterman* at ¶ 11. Consequently, a juvenile protection order will only issue if there is some competent, credible evidence of a present fear of harm. *Id.* at ¶ 12. *See also K.B. v. B.B.*, 9th Dist. Summit No. 28129, 2017-Ohio-71, ¶ 7, quoting *McElroy v. McElroy*, 5th Dist. Guernsey No. 15 CA 27, 2016-Ohio-5148, ¶ 38 (analyzing the requirements for issuing domestic violence protection orders). Evidence of incidents that occurred in the past "is relevant and may be an important factor" in this determination, but a juvenile protection order will not issue based on evidence of a past incident without evidence that

the protected person presently fears future harm. *Wetterman* at ¶ 12. *Compare A.M. v. D.L.*, 9th Dist. Medina No. 16CA0059-M, 2017-Ohio-5621, ¶ 9-10; *K.B.* at ¶ 7; *M.J. v. L.P.*, 9th Dist. Medina No. 15CA0036-M, 2016-Ohio-7080, ¶ 11.

{¶8} K.S-S. has argued that the trial court's decision to issue a juvenile protection order in this case is against the manifest weight of the evidence because testimony during the full hearing related solely to a single incident of assault that occurred in the past. Specifically, K.S-S. maintains that the only evidence before the trial court that A.E.D. feared future harm consisted of vague statements regarding social media activity that neither identified the speaker nor explained the substance of the statements.

{¶9} As an initial matter, this Court notes that A.D. did not file an appellate brief. Consequently, "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). During the full hearing, A.E.D. testified that she was present at a friend's house at the same time that K.S-S.'s younger brother was also present. Both A.E.D. and K.S-S. were twelve years old at the time. A.E.D. testified that the two engaged in some back-and-forth teasing but that the younger boy took offense at some point and left the residence. A.E.D. explained that within a few minutes of his departure, K.S-S. arrived and demanded that A.E.D. step outside. When she refused to do so, K.S-S. entered the house, found A.E.D. in the kitchen, and began hitting her. K.S-S. left briefly, but she returned with friends and egged the residence. A.E.D. testified that K.S-S. entered the residence again and smashed an egg in her face before leaving. A.E.D. testified that she and K.S-S. were friends before the altercation occurred, that five months had passed since the incident, and that there had been no confrontations or other contact between her and K.S-S. in the interim. A.E.D. did not express any fear of future harm from K.S-

S., and the evidence adduced at the hearing did not otherwise demonstrate fear on her part. *Compare J.H. v. S.P.*, 10th Dist. Franklin No. 13AP-70, 2013-Ohio-3833, ¶ 15 (concluding that although a protected party did not explicitly testify regarding fear of future harm, other evidence tended to demonstrate it). A.E.D.'s testimony tended to demonstrate that the incident that occurred between K.S-S. and A.E.D. was an isolated event occasioned by a perceived offense against K.S-S.'s younger sibling. *Compare In re E.P.* at ¶ 44.

{¶10} A.D. testified that as a result of this incident, she withdrew A.E.D. from public school "because there [were] threats." In support of that statement, A.D. testified that "[t]here ha[ve] been things posted and said" on social media. She did not identify any specific social media posts that contained threats or statements relevant to this case, and no evidence was introduced demonstrating that there were threats made in any other format. A.D. referenced an Instagram post that, she alleged, depicted K.S-S. wearing an ankle monitor, but she acknowledged that she could not identify the individual in the social media post and she did not explain the significance of any perceived threat from the post.

{¶11} In light of A.E.D.'s testimony that there had been no contact between the two girls since the altercation—and the complete absence of evidence related to fear of future harm during her testimony—A.D.'s nonspecific, unsubstantiated statement that there had been threats against A.E.D. on social media does not amount to competent, credible evidence of a present fear of harm. This Court does not discount the role that evidence related to social media may play in this determination. This Court has, in fact, considered a course of conduct related to social media in a similar context in the past. *See A.S.*, 2013-Ohio-4857, at ¶ 8-12. In that case, however, the evidence considered by the trial court consisted of testimony that identified specific social media

activity, and the relevant social media posts were preserved and admitted into evidence. *See id.* In this case, no such evidence was introduced.

{¶12} In the absence of any competent, credible evidence that A.E.D. presently feared harm from K.S-S., this Court must conclude that the trial court's decision to issue the juvenile protection order is against the manifest weight of the evidence. K.S-S.'s assignment of error is, therefore, sustained.

## III.

{¶13} K.S-S.'s assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MATTHEW A. CRAIG, Attorney at Law, for Appellant.

A. D., pro se, Appellee.