**[Cite as *M.K. v. J.P.*, 2025-Ohio-1882.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

M. K.

    Appellee

    v.

J. P.

    Appellant

C.A. No.    24CA012179

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    23 DV 093070

DECISION AND JOURNAL ENTRY

Dated: May 27, 2025

---

FLAGG LANZINGER, Presiding Judge.

**{¶1}** Appellant-Respondent J.P. appeals the judgment of the Lorain County Court of Common Pleas Domestic Relations Division granting Petitioner-Appellee M.K.'s petition for a domestic violence civil protection order ("DVCPO") against him. This Court affirms.

I.

**{¶2}** On October 10, 2023, M.K. filed a petition for a DVCPO against her husband, J.P. A magistrate granted an ex parte protection order that same day and scheduled the matter for a full hearing. Following the full hearing, the magistrate issued a two-year protection order designating M.K. a protected party and restraining J.P. from, amongst additional terms, committing acts of abuse and/or threats of violence against her. The trial court adopted the magistrate's grant of the DVCPO, and J.P. filed timely objections. Following an oral hearing, the trial court overruled J.P.'s objections. J.P. filed this timely appeal, raising one assignment of error for our review.

II.

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED A DOMESTIC VIOLENCE PROTECTION ORDER AGAINST [J.P.] AS INSUFFICIENT EVIDENCE EXISTED TO SUPPORT THE FINDING.**

{¶3}   In his sole assignment of error, J.P. argues the trial court erred and abused its discretion when it granted M.K.'s petition for a DVCPO because there was insufficient evidence. Upon review, we disagree.

{¶4}   In this case, the magistrate issued the DVCPO after making the following findings of fact:

> The respondent has displayed a pattern of stalking, which has caused the petitioner severe mental distress on two or more occasions. Further, the respondent, used a service to actively place a tracker on the petitioner[']s car to monitor her whereabouts after she had left the marital residence, causing further emotional distress.

The trial court adopted the magistrate's granting of the DVCPO. Thereafter, J.P. purported to file objections to the magistrate's decision pursuant to Civ.R. 53(D) on the basis that the decision was (1) contrary to the weight of the evidence, and (2) contrary to law and constituted an abuse of discretion. J.P. supplemented his objections after the transcript of the full hearing was filed. J.P. specifically argued that M.K. had not established by a preponderance of the evidence that she is in danger of domestic violence because she (1) "never alleged any violence on the part of [J.P.]", (2) never "alleged threats of violence", (3) "never alleged a fear that [J.P.] will cause her imminent serious physical harm", and (4) the evidence presented did not support a finding that J.P. violated R.C. 2903.211(A)(1), menacing by stalking.

{¶5}   Following an oral hearing on J.P.'s objections, the trial court issued a Judgment Entry stating the following:

> Pursuant to Civ.R. 53(D)(4)(d), this Court has undertaken an independent review as to the objected matters, including reviewing the Court record, transcript, and

considering any briefs and oral arguments of the parties, and hereby finds that the Magistrate properly determined the factual issues and appropriately applied the law. Additionally, this court found the below factual and legal issues of prime importance . . . .

The trial court thereafter stated specific procedural and factual findings and reviewed the applicable law. In doing so, the trial court expressly cited this Court's decision in *N.S. v. E.J.*, 2020-Ohio-4971 (9th Dist.), stating,

> A party filing objections, "has the burden of showing that an error of law or other defect is evident on the fact of the order, or that the credible evidence of record is insufficient to support the granting * * * of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii).

(Alterations in original.) *N.S.* at ¶ 11. In applying this standard, the trial court determined that, "[b]ased on the testimony presented, [J.P.], by engaging in a pattern of conduct, did knowingly cause [M.K.], a family or household member, mental distress[,]" and "that all of the elements under the Domestic Violence statute, specifically Menacing by Stalking, has been met." Finding "the Magistrate's Decision to be correct[,]" the trial court overruled J.P.'s objections.

{¶6} On appeal, J.P. argues the trial court's grant of a DVCPO was an abuse of discretion and must be reversed because M.K. "did not establish by a preponderance of the evidence that she is in danger of domestic violence or met the elements of menacing by stalking." Specifically, J.P. argues that (1) M.K. did not present any evidence of past abuse and "the need for protection in the future due to an isolated incident involving a GPS tracker and amidst a divorce initiated by the Respondent, tracker (sic.) is not reasonable[,]" and (2) M.K. failed to prove menacing by stalking because J.P.'s actions did not a form a pattern of conduct and M.K. did not provide evidence that she suffered mental distress.

{¶7} Upon review of the record, we cannot say that the trial court abused its discretion in adopting the magistrate's granting of the DVCPO in this case. As recognized above, the ultimate

decision of whether to issue a protection order is within the sound discretion of the trial court. *W.B. v. T.M.*, 2020-Ohio-853, ¶ 8 (9th Dist.). Before issuing a protection order, "the trial court must find that the petitioner established by a preponderance of the evidence that the order should issue." *A.D. v. K.S.-S.*, 2021-Ohio-633, ¶ 4 (9th Dist.), citing *W.B.* at ¶ 8 (9th Dist.). Consequently, when a respondent challenges the sufficiency or weight of the evidence underlying the protection order, we review the evidence underlying the protection order "to determine whether sufficient evidence was presented or whether the protection order is against the manifest weight of the evidence." *A.S. v. P.F.*, 2013-Ohio-4857, ¶ 4 (9th Dist.).

{¶8} M.K. filed the petition for a DVCPO pursuant to R.C. 3113.31. "Before the trial court may grant a domestic violence civil protection order pursuant to R.C. 3113.31, it must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." (Internal citations and quotations omitted.) *R.S. v. J.W.*, 2018-Ohio-5316, ¶ 6 (9th Dist.). "Domestic violence" includes "[p]lacing another person by the threat of force in fear of imminent serious physical harm or committing a violation of [R.C. 2903.211.]" R.C. 3113.31(A)(1)(a)(ii). Thus, "R.C. 2903.211(A)(1) permits proof that the petitioner feared physical harm or suffered mental distress." *R.C. v. J.G.*, 2013-Ohio-4265, ¶ 9 (9th Dist.).

{¶9} R.C. 2903.211(A), the statute which prohibits menacing by stalking, provides:

(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or a family or household member of the other person or cause mental distress to the other person or a family or household member of the other person. In addition to any other basis for the other person's belief that the offender will cause physical harm to the other person or the other person's family or household member or mental distress to the other person or the other person's family or household member, the other person's belief or mental distress may be based on words or conduct of the offender that are directed at or identify a corporation, association, or

other organization that employs the other person or to which the other person belongs.

(2) No person, through the use of any form of written communication or any electronic method of remotely transferring information, including, but not limited to, any computer, computer network, computer program, computer system, or telecommunication device shall post a message or use any intentionally written or verbal graphic gesture with purpose to do either of the following:

(a) Violate division (A)(1) of this section;

(b) Urge or incite another to commit a violation of division (A)(1) of this section.

"A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "Pattern of conduct" under the statute means, "two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents . . . ." R.C. 2903.211(D)(1). "'A court must take everything into consideration when determining if [a person's] conduct constitutes a pattern of conduct, even if some the person's actions may not, in isolation, seem particularly threatening.'" *P.S. v. High*, 2019-Ohio-437, ¶ 8 (9th Dist.) quoting *R.C. v. J.G.*, 2013-Ohio-4268, ¶ 12 (9th Dist.).

{¶10} "Mental distress" means any of the following:

(a) Any mental illness or condition that involves some temporary substantial incapacity;

(b) Any mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services.

R.C. 2903.211(D)(2). "Substantial incapacity" under the statute "'does not mean that the victim must be hospitalized, or totally unable to care for herself. Incapacity is substantial if it has a

significant impact upon a victim's daily life.'" *E.B. v. J.B.*, 2021-Ohio-776, ¶ 13 (9th Dist.), quoting *State v. Payne*, 2008-Ohio-5447, ¶ 9 (9th Dist.). "Mere mental stress or annoyance does not constitute mental distress for purposes of the menacing by stalking statute." *W.B.*, 2020-Ohio-853, at ¶ 10 (9th Dist.), quoting *Morton v. Pyles*, 2012-Ohio-5343, ¶ 15 (7th Dist.) However, "[t]his Court has held that evidence demonstrating that a petitioner felt compelled to alter normal routines and patterns of behavior due to respondent's conduct corroborates allegations of mental distress." *E.B.* at ¶ 13, citing *Noah v. Brillhart*, 2003-Ohio-2421, ¶ 16 (9th Dist.).

**{¶11}** As an initial matter, we note that although J.P. purportedly filed his objections pursuant to Civ.R. 53(D) and the trial court expressly cited to Civ.R. 53(D) in its judgment entry, the procedure applicable to special statutory proceedings providing for domestic violence civil protections orders under R.C. 3113.31 is found in Civ.R. 65.1 and not in Civ.R. 53(D). Civ.R. 65.1(A). Pursuant to Civ.R. 65.1(F)(3), a trial court may refer such proceedings to a magistrate for a full hearing and determination. When such a proceeding is referred to a magistrate to conduct the full hearing, the magistrate, upon conclusion of the hearing, shall deny or grant a protection order. Civ.R. 65.1(F)(3)(a). A magistrate's denial or granting of a protection order after full hearing under Civ.R. 65.1 does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules. Civ.R. 65.1(F)(3)(b). Pursuant to Civ.R. 65.1(F)(3)(d)(i), a party may file objections to a trial court's adoption of a magistrate's granting of a protection order or any terms contained therein. The burden is on the objecting party to show that an error of law or other defect is either evident on the face of the order or that the evidence presented in support the of the petition is insufficient to support the granting of the protection order. Civ.R. 65.1(F)(3)(d)(iii). Nonetheless, upon review, we conclude that the trial court's review of J.P.'s objections was sufficient to comply with the standard stated in Civ.R.

65.1 and J.P. has not argued otherwise. *See N.S. v. E.J.*, 2020-Ohio-4971, ¶ 11 (9th Dist.); *T.M. v. R.H.*, 2020-Ohio-3013, ¶ 9 (9th Dist.) ("[D]espite the trial court's citation to Civ.R. 53, the court applied the appropriate standard under Civ.R. 65.1.").

{¶12} On appeal, J.P. first argues that "the need for protection in the future due to an isolated incident involving a GPS tracker and amidst a divorce initiated by the Respondent" is not reasonable where "there was admittedly no prior violence or threats of violence . . . ." J.P. appears to assert that a protection order is not necessary because M.K. did not demonstrate that she is in danger of future harm. We disagree.

{¶13} Domestic violence protection orders provide the trial court with a means "to bring about a cessation of domestic violence against [a] family or household member." *Wetterman v. B.C.*, 2013-Ohio-57, ¶ 9 (9th Dist.), quoting R.C. 3113.31(E)(1). Consequently, "[w]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner . . . [is] in danger of domestic violence." *Felton v. Felton*, 79 Ohio St.3d 34 (1997), paragraph two of the syllabus. "'To determine whether a petitioner is in danger of future harm in the domestic violence context, courts routinely look to the petitioner's and respondent's history, including whether any past acts of violence had ever occurred.'" *M.P. v. T.P.*, 2024-Ohio-542, ¶ 9 (9th Dist.), quoting *In re E.P.*, 2011-Ohio-5829, ¶ 33 (8th Dist.).

{¶14} However, the domestic violence the DVCPO in this case sought to bring to cessation was J.P.'s engagement in a pattern of conduct that he knew either caused M.K. to believe that he would cause her physical harm or that he knew would cause her mental distress. *See* R.C. 2903.211(A).

{¶15} Although M.K. testified that J.P. had not been physically violent toward her in the past, she expressly testified that his recent behavior has caused her to be "afraid that it might

happen in the future . . . ." She stated that she cannot sleep at night nor open the curtains in her residence. The trial court found M.K.'s fear reasonable and further found that J.P., by engaging in a pattern of conduct, knowingly caused M.K. mental distress, and that M.K.'s fear was reasonable. The trial court based this finding on the following actions of J.P.:

- Respondent paid a private investigator to place a GPS tracker device on the Petitioner's vehicle. The GPS tracker was placed prior to the Petitioner moving from the marital home, for the purpose of tracking her and establishing a pattern of infidelity, *after* she had moved out and a divorce had been initiated.

- When Petitioner found out, she repeatedly asked the Respondent to stop and he disregarded her requests. The Petitioner also requested to not communicate via text messages. During their text messages Respondent did admit to monitoring her and stated he had a right to do so.

- When the Petitioner moved, she was careful not to give her address to the Respondent and made sure he did not follow her (police were present)[.]

- She called the police based on the text messages she received.

- She stated she found it 'really creepy,' that someone could invade her privacy and monitor her. She states she was in fear, could not sleep, could not have her curtains open in her residence due to her fear of him monitoring her. The first time Petitioner called the police on the Respondent's actions, she wouldn't even follow through and allow the (City of Avon) police call the Respondent because she was fearful that he would then [know] for certain where she had relocated.

(Emphasis in original.) J.P. does not dispute any of the trial court's findings of fact outlined above and only asserts that the lack of prior physical violence and/or prior threat of physical violence is sufficient to render the issuance of the protection order in this case unreasonable.

{¶16} However, "R.C. 2903.211(A)(1) does not require proof that the offender explicitly threatened the victim." *M.B. v. L.D.*, 2023-Ohio-3560, ¶ 17 (9th Dist.). "'Instead, the offender's knowledge that the conduct will result in the victim fearing physical harm or suffering mental distress can be inferred by the circumstances.'" *Id.*, quoting *State v. Smith*, 2012-Ohio-335, ¶ 20 (9th Dist.). It is sufficient that M.K. demonstrated that J.P.'s actions caused her mental distress

and that she feared he may cause her physical harm. "To the extent that the trial court's decision relied upon a credibility determination about the sincerity of [M.K.]'s fear, 'that determination is entitled to considerable deference on appeal.'" *M.P. v. T.P.*, 2024-Ohio-542, ¶ 13 (9th Dist.), quoting *R.K. v. T.K.*, 2017-Ohio-7855, ¶ 14 (9th Dist.).

{¶17} Next, J.P. argues that the issuance of the DVCPO is against the manifest weight of the evidence because J.P.'s actions did not form a pattern of conduct because (1) "the GPS tracker was removed and never placed back on[,]" (2) "[J.P.] never appeared where [M.K.] was and [J.P]'s testimony was that he avoided places that she might be known to go," and (3) J.P. ceased trying to communicate with M.K. after being contacted by law enforcement. However, a "[p]attern of conduct" as contemplated in the menacing by stalking statute only requires two or more actions or incidents closely related in time. R.C. 2903.211(D)(1). "[C]losely related in time" is not defined by the statute. *See id.* Consequently, a trial court must take everything into consideration, even if a person's actions, in isolation, do not seem particularly threatening. *High*, 2019-Ohio-437, at ¶ 8 (9th Dist.) quoting *R.C.*, 2013-Ohio-4268, at ¶ 12 (9th Dist.).

{¶18} Here, M.K. testified that she moved from the parties' marital home on August 31, 2024, and did not advise J.P. of her new address because she no longer felt safe around J.P. due to ongoing arguments. M.K. also testified that although J.P. had not been physically violent in the past, his recent behavior has caused her to be "afraid that it might happen in the future" and that she believed he had mentally abused her in the past. J.P. admitted to hiring a private investigator to place a GPS tracker on M.K.'s vehicle in mid-August 2024, prior to M.K.'s move, and did not deny that he sent M.K. multiple text messages on different dates in September 2024 indicating that he was monitoring her and that if she complied with his request to speak to her, he would "work out a deal" with her regarding the monitoring. The relatively short time between these incidents,

taken in the context of the parties' relationship and M.K.'s testimony regarding why she moved from the parties' home, is sufficient to constitute a "pattern of conduct" under the statute.

{¶19} J.P. also argues on appeal that M.K. did not provide evidence that she suffered mental distress. This argument is without merit. M.K. expressly testified that although J.P. had not been physically violent toward her in the past, his recent behavior caused her to be "afraid that it might happen in the future . . . ." M.K. stated that she did not believe that "somebody invading my privacy and monitoring me" was "normal" and that "he makes me scared and I feel like that was really creepy." M.K. also testified that she felt threatened by the text messages J.P. sent her wherein he states several times he is monitoring her and that, "I know everything you've been doing lately, everyone you see (and everyone who sees you), and everything you purchase for your townhouse." In the same message, J.P. also states, "As your husband I'm entitled to know what you're doing and the decision you're making as they are still martial decisions. I know where you live in your apartment in Avon." M.K. further stated that she cannot sleep at night, cannot open her curtains, and that it is mentally hard to live her life.

{¶20} As recognized above, "R.C. 2903.211(A)(1) does not require proof that the offender explicitly threatened the victim." *M.B.*, 2023-Ohio-3560, at ¶ 17 (9th Dist.), citing *J.B. v. Hartford*, 2015-Ohio-13, ¶ 8 (9th Dist.). "'Instead, the offender's knowledge that the conduct will result in the victim fearing physical harm or suffering mental distress can be inferred by the circumstances.'" *M.B.* at ¶ 17, quoting *Smith*, 2012-Ohio-335, at ¶ 20 (9th Dist.). Here, the uncontroverted evidence shows that M.K. repeatedly asked J.P. to stop monitoring her, repeatedly told him she did not feel safe around him and repeatedly told him she did not want him to communicate with him other than by email. This evidence combined with her testimony concerning her fear is sufficient to show she suffered mental distress as a result of J.P.'s conduct.

**{¶21}** Upon review of the entire record, we conclude that the trial court's adoption of the magistrate's issuance of a DVCPO is based on sufficient evidence, and that this is not the exceptional case where the evidence weighs heavily against the protection order. *K.S.-S.*, 2021-Ohio-633, at ¶ 5 (9th Dist.), citing *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986).

**{¶22}** J.P.'s sole assignment of error is overruled.

III.

**{¶23}** J.P.'s sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

CARR, J.
STEVENSON, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

LESLIE S. JOHNS, Attorney at Law, for Appellant.

M. K., pro se, Appellee.