[Cite as *Frith v. Frith*, 2017-Ohio-7848.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| AMY FRITH | | C.A. No.     28361 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROY FRITH | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     DR 16 07 2071 |

DECISION AND JOURNAL ENTRY

Dated: September 27, 2017

TEODOSIO, Judge.

{¶1}     Roy Frith appeals the domestic violence civil protection order entered by the Summit County Court of Common Pleas, Domestic Relations Division, on August 3, 2016. We dismiss this appeal.

{¶2}     The appellee, Amy Frith, filed a petition for a domestic violence civil protection order in July 2016. An ex parte protection order was granted on July 11, 2016, and a hearing on the matter was conducted on July 27, 2016. On August 3, 2016, the trial court entered a full-hearing civil protection order, and on August 17, 2016, Mr. Frith filed his objections to the protection order and a request to supplement and brief his objections. These unbriefed objections were limited to one sentence each in their totality. On September 2, 2016, without having filed a transcript of the hearing with the trial court and without supplementing or briefing his objections, Mr. Frith filed his notice of appeal to this court, raising three assignments of error. The trial court did not rule on Mr. Frith's objections prior to his appeal.

**{¶3}** Civ.R. 65.1 sets forth the procedures with regard to civil protection orders. Civ.R. 65.1(G), as amended effective July 1, 2016, provides as follows:

> **(G) Final order; objections prior to appeal; stay of appeal**
>
> Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

The 2016 staff notes for division (G) provide:

> Division (G) of this rule is amended to require that a party must file objections prior to filing an appeal from a trial court's otherwise appealable adoption, modification, or rejection of a magistrate's ruling. This amendment is grounded on two key principles. First, it promotes the fair administration of justice, including affording the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion that would render the order or a term of the order unjust. Second, it creates a more robust record upon which the appeal may proceed.

**{¶4}** Although Mr. Frith filed preliminary objections to the protection order in accordance with Civ.R. 65.1(G), the trial court did not issue a ruling on the objections. As the staff notes for division (G) indicate, the purpose of requiring that objections be filed prior to the filing of an appeal is to provide the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion, and to create a more robust record for the appeal. An appeal to this Court upon the mere filing of objections, without review by the trial court of those objections, thwarts the purposes of division (G). Likewise, the stay of the running of the time for appeal imparted by the timely filing of objections and lasting until the filing of the court's ruling on the objections would have little relevance if a party could simultaneously file an appeal to this court. Such a reading of the division (G) would also raise the spectre of concurrent

jurisdiction of this Court and the trial court to review a protection order as a matter of first resort—a result clearly not intended by the amendment of division (G).

{¶5}    We therefore hold that Civ.R. 65.1(G) requires objections to a civil protection order to be both timely filed and ruled upon or otherwise resolved by the trial court prior to the filing of an appeal to this Court.  Consequently, at this time the matter is not procedurally subject to appeal.

{¶6}    This appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


THOMAS A. TEODOSIO
FOR THE COURT



HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

CAROL DILLON HORVATH, Attorney at Law, for Appellant.

AMY FRITH, pro se, Appellee.