**[Cite as *V.O. v. S.C.L.*, 2021-Ohio-683.]**

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

V. O.

     Appellee

     v.

S. C. L.

     Appellant

C.A. No.     29773

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2019-12-3505

DECISION AND JOURNAL ENTRY

Dated: March 10, 2021

---

CALLAHAN, Judge.

**{¶1}** Appellant, S.C.L., appeals a domestic violence civil protection order issued by the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

## I.

**{¶2}** V.O. sought a domestic violence civil protection order alleging that her former husband, S.C.L., refused to return their children to her custody, would not allow her to communicate with them, and was an "unfit parent." She also alleged that S.C.L. was mentally abusive, that he "screams at [her] [on] the phone in front of the kids," and that his parents were providing most of the care for the children when they were in his custody. She also claimed that, as a result, she was "scared for [her] life and health and for [her] children." Following the ex parte hearing on the petition, a magistrate declined to issue an

ex parte protection order, concluding that S.C.L. did not "pose an immediate and present danger" to V.O., and scheduled a full hearing on the petition.

{¶3}    Following the full hearing, a different magistrate granted a one-year domestic violence protection order restraining S.C.L. from contact with V.O. and the parties' children, with the exception of scheduled parenting time.  The trial court adopted the magistrate's decision.  On June 8, 2020, S.C.L. filed a motion to set aside a magistrate's order pursuant to Civ.R. 53(D)(2).  On June 26, 2020, he filed a notice of appeal.[1]

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT APPELLANT ENGAGED IN DOMESTIC VIOLENCE AS DEFINED BY R.C. 3113.31(A).

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT'S DECISION TO GRANT APPELLEE'S PETITION FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶4}    S.C.L.'s two assignments of error, which he has not separately argued, assert that the trial court's decision to grant the domestic violence protection order is against the manifest weight of the evidence.

---

[1] The trial court denied S.C.L.'s motion on December 30, 2020, noting that S.C.L. filed a motion to set aside a magistrate's order instead of timely objections to a magistrate's decision and, in any event, that an appeal was pending.

{¶5} The procedure applicable to petitions for protection orders is set forth not in Civ.R. 53, but in Civ.R. 65.1. *See generally T.M. v. R.H.*, 9th Dist. Summit No. 29556, 2020-Ohio-3013, ¶ 5. As this Court has explained,

> Pursuant to Civ.R. 65.1(F)(3), a petition for a civil protection order may be referred to a magistrate for determination, but "[a] magistrate's denial or grant of a protection order after full hearing * * * does not constitute a magistrate's order or a magistrate's decision under Civ.R. 53(D)(2) or (3) and is not subject to the requirements of those rules." Civ.R. 65.1(F)(3)(b). A trial court may adopt a magistrate's denial of a protection order "upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). Thereafter, a party may file written objections "to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing * * * within fourteen days of the court's filing of the order." Civ.R. 65.1(F)(3)(d)(i).

(Alterations in original.) *T.M.* at ¶ 5. A trial court's order that adopts, modifies, or rejects a magistrate's decision to deny or grant a protection order is a final appealable order. Civ.R. 65.1(G). Nonetheless, "a party must timely file objections to such an order * * * prior to filing an appeal[.]" *Id.* Those objections must be specifically tailored to the procedure set forth in Civ.R. 65.1, and the objecting party must demonstrate "that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii).

{¶6} This Court held that an earlier version of Civ.R. 65.1 did not require the filing of objections as a prerequisite to consideration of the merits on appeal. *See, e.g., A.S. v. P.F.*, 9th Dist. Lorain No. 13CA010379, 2013-Ohio-4857, ¶ 4, quoting *R.C. v. J.G.*, 9th

Dist. Medina No. 12CA0081-M, 2013-Ohio-4265, ¶ 5. With respect to the current version of the Rule, however, this Court has concluded that filing objections pursuant to Civ.R. 65.1(F)(3)(d) is mandatory. *See R.D. v. D.D.*, 9th Dist. Medina No. 18CA0051-M, 2019-Ohio-1390, ¶ 4-5; *J.Y. v. J.Y.*, 9th Dist. Medina No. 17CA0037-M, 2018-Ohio-3522, ¶ 4-5; *A.S. v. D.S.*, 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 5-6. *See also N.S. v. E.J.*, 9th Dist. Summit No. 29657, 2020-Ohio-4971, ¶ 15-16 (declining to address the merits when the appellant raised issues on appeal that were not raised in objections); *T.H. v. Villoni*, 9th Dist. Medina No. 18CA0090-M, 2020-Ohio-3767, ¶ 11 (concluding that the appellant's arguments were raised for the first time on appeal when they were not asserted "in the manner prescribed by Civ.R. 65.1(F)(3)(d)(iii) and (iv)").

{¶7} After the trial court issued the domestic violence protection order in this case, S.C.L. filed a "Motion to Set Aside Magistrate's Order," which provided that it was being filed "pursuant to Civ.R. 53(D)(2)." Approximately two weeks later, S.C.L. filed a notice of appeal. This case is governed by Civ.R. 65.1, however, not Civ.R. 53. *See T.M.* at ¶ 5. Civ.R. 65.1(F)(3)(b) specifically provides that "[a] magistrate's denial or granting of a protection order after full hearing under this division *does not constitute a magistrate's order* * * * under Civ.R. 53(D)(2) * * *." (Emphasis added.) S.C.L. did not file objections to the trial court's adoption of the magistrate's granting of the domestic violence protection order as required by Civ.R. 65.1. *Compare T.H.* at ¶ 11.

{¶8} Because S.C.L. did not file objections as required by Civ.R. 65.1, this Court cannot consider the merits of his arguments on appeal. *See A.S.* at ¶ 6. *See also T.H.* at ¶ 11. S.C.L.'s assignments of error are, therefore, overruled.

III.

{¶9}   S.C.L.'s assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellant.

V. O., pro se, Appellee.