[Cite as *State v. Parsons*, 2022-Ohio-2852.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

KELLY LEE PARSONS

    Appellant

C.A. No.     29665

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 90 03 0594(C)

DECISION AND JOURNAL ENTRY

Dated: August 17, 2022

CARR, Judge.

{¶1} Defendant-Appellant Kelly Lee Parsons appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 1990, Parsons pleaded guilty to aggravated murder and aggravated robbery. He was sentenced to a term of life imprisonment on the murder count and 10 to 25 years on the aggravated robbery count. His sentences were ordered to run concurrently. Parsons appealed to this Court, and we affirmed. *State v. Parsons*, 9th Dist. Summit Nos. 14787, 14788, 1991 WL 35107, *1 (March 13, 1991).

{¶3} Parsons filed several motions in the trial court thereafter. "[Parsons] appeared for a parole hearing on November 10, 2003. His parole was denied and he was informed that, due to the revised parole eligibility guidelines, he would not be eligible for parole until he had served 300 months (or 25 years) in prison." *State v. Parsons*, 9th Dist. Summit No. 22200, 2005-Ohio-268, ¶

3. In 2004, he filed a motion to withdraw his guilty plea. "In his motion, [Parsons] alleged that when he originally entered his guilty plea, he believed that he would [be] eligible for parole before he had served 300 months. He maintained that it was manifest injustice to subject him to the new parole guidelines when, at the time he had entered his plea, he believed that he would be entitled to parole at an earlier date." *Id.* at ¶ 4. The trial court denied the motion and Parsons appealed to this Court. *Id.* This Court affirmed the judgment of the trial court. *Id.* at ¶ 15.

{¶4} In 2019, Parsons filed a motion to compel/produce, requesting that the trial court order the Summit County Prosecutor's Office to produce its responses to the Ohio Adult Parole Authority's notifications of Parsons' parole hearings. In the motion, Parsons asserted that, in exchange for his guilty plea, the prosecutor's office agreed to not take a stance at Parsons' parole hearings. Parsons asserted he had had three parole hearings, one in 2003, one in 2011, and one in 2018 and that the prosecutor's office received notice of each of them. Parsons believed that the prosecutor's office opposed at least one of his parole hearings, in violation of the plea agreement. In 2018, Parsons wrote to the Summit County Prosecutor's Office requesting a copy of the responses the prosecutor's office provided to the Ohio Adult Parole Authority. The prosecutor's office responded to Parsons' letter, informing him that the information was confidential and would not be released.

{¶5} The State opposed Parsons' motion to compel/produce. The trial court denied the motion on March 15, 2019. Parsons filed a motion for reconsideration, which was denied by the trial court on April 16, 2019.

{¶6} On May 17, 2019, Parsons filed another motion to withdraw his guilty plea. Parsons essentially maintained that the prosecutor's office breached the plea agreement by providing a negative recommendation to the Ohio Adult Parole Authority. The State opposed the

motion. On September 3, 2019, the trial court denied the motion, concluding it lacked jurisdiction to rule on it, citing *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas*, 55 Ohio St.2d 94 (1978). In addition, the trial court determined the motion failed on the merits.

{¶7} In February 2020, Parsons filed a pro se motion for a delayed appeal, seeking leave to appeal the September 3, 2019 entry denying his motion to withdraw his guilty plea. While his request was initially denied, it was granted upon reconsideration. Subsequently, Parsons was represented by counsel who filed an *Anders* brief on Parsons' behalf. After determining that the record contained issues with arguable merit for appeal, we allowed Parsons' counsel to withdraw and appointed new counsel.

{¶8} Parsons has now raised two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING PARSONS['] MOTION TO COMPEL/PRODUCE.

{¶9} Parsons argues in his first assignment of error that the trial court erred in denying his motion to compel/produce.

{¶10} This Court is obligated to raise questions related to our jurisdiction. *State v. Hamilton*, 9th Dist. Lorain No. 17CA011143, 2018-Ohio-2551, ¶ 7. "An appeal is initiated when the appellant files a notice of appeal." *Id.* at ¶ 10, citing App.R. 3(A). "The notice of appeal * * * shall designate the judgment, order or part thereof ap[p]ealed from * * *." App.R. 3(D). Parsons indicated that he was only appealing from the September 3, 2019 entry denying his motion to withdraw his guilty plea. Accordingly, his appeal is limited to issues pertaining to that entry alone. *See Hamilton* at ¶ 10. His notice of appeal did not indicate he was also appealing from the March

15, 2019 entry denying his motion to compel/produce. Therefore, the issue he now raises is outside the scope of this appeal and not properly before this Court. *See id.*

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING MR. PARSONS' MOTION TO WITHDRAW HIS GUILTY PLEA[.]

{¶11} Parsons argues in his second assignment of error that the trial court erred in denying his motion to withdraw his guilty plea. Specifically, Parsons challenges the trial court's determination that his motion failed on the merits. However, the trial court first concluded that it lacked jurisdiction to rule on the motion pursuant to *State ex rel. Special Prosecutors*, 55 Ohio St.2d at 97-98. Parsons has not challenged that determination on appeal. "When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis." *State v. Smith*, 9th Dist. Summit Nos. 29357, 29367, 2020-Ohio-474, ¶ 7, quoting *Schutte v. Summit Cty. Sheriff's Office,* 9th Dist. Summit No. 28856, 2018-Ohio-2565, ¶ 21. Accordingly, Parsons has failed to meet his burden to demonstrate error on appeal.

{¶12} Parsons' second assignment of error is overruled.

III.

{¶13} Parsons' first assignment of error is not properly before this Court. His second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.