[Cite as *E.E. v. A.K.*, 2023-Ohio-2999.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

E.E.

     Appellee

     v.

A.K.

     Appellant

C.A. No.     21CA011823

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     21CV204439

DECISION AND JOURNAL ENTRY

Dated: August 28, 2023

CARR, Judge.

{¶1} Respondent-Appellant A.K. appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In September 2021, Petitioner-Appellee E.E. filed a petition for a civil stalking protection order pursuant to R.C. 2903.214 against A.K. At the ex parte hearing, a magistrate determined that E.E. failed to establish entitlement to an ex parte order but set the matter for a full hearing.

{¶3} When personal service upon A.K. was unsuccessful, the full hearing was continued until November 23, 2021, at 2:00 p.m. On November 23, 2021, A.K. appeared for the hearing but E.E. did not. Nonetheless, E.E. contacted the trial court and indicated that she got the date wrong. The trial court granted E.E. a continuance over A.K.'s objection. The hearing was continued until December 8, 2021, at 9:00 a.m.

{¶4} On December 8, 2021, E.E. appeared for the hearing but A.K. did not. A full hearing civil stalking protection order was then issued December 9, 2021. On December 28, 2021, A.K. filed a pro se notice of appeal indicating that she was appealing the December 9, 2021 judgment. Thereafter, A.K. retained an attorney, who moved this Court to stay and remand the matter to the trial court in order that A.K. could pursue relief under Civ.R. 60(B). We granted the motion. After the remand period expired, A.K. filed a brief; however, E.E. did not. *See* App.R. 18(C).

{¶5} A.K. has raised two assignments of error for our review.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A PROTECTION ORDER WITHOUT ALLOWING RESPONDENT-APPELLANT TO MAKE A DEFENSE AFTER DENYING PETITIONER'S INITIAL EX PARTE REQUEST FOR PROTECTION ORDER FOR LACK OF MERIT[.]

{¶6} A.K. argues in her first assignment of error that the trial court abused its discretion by having the full hearing without A.K. present. A.K. maintains that the trial court should have continued the December 8, 2021 hearing or should have gone forward with the hearing on November 23, 2021 when E.E. failed to appear.

{¶7} The provisions of Civ.R. 65.1 "apply to special statutory proceedings under R.C. 3113.31, R.C. 2151.34, and R.C. 2903.214 providing for domestic violence, stalking, and sexually oriented offense civil protection orders, shall be interpreted and applied in a manner consistent with the intent and purposes of those protection order statutes, and supersede and make inapplicable in such proceedings the provisions of any other rules of civil procedure to the extent that such application is inconsistent with the provisions of this rule." Civ.R. 65.1(A). "A trial court's order that adopts, modifies, or rejects a magistrate's decision to deny or grant a protection

order is a final appealable order. *V.O v. S.C.L.*, 9th Dist. Summit No. 29773, 2021-Ohio-683, ¶ 5, citing Civ.R. 65.1(G). "However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections." Civ.R. 65.1(G).

**{¶8}** Here, A.K. did not file objections prior to filing her notice of appeal as required by Civ.R. 65.1(G). *See R.D. v. D.D.*, 9th Dist. Medina No. 18CA0051-M, 2019-Ohio-1390, ¶ 5. Accordingly, this Court cannot consider the merits of her argument. *See V.O.* at ¶ 8; *R.D.* at ¶ 5.

**{¶9}** A.K.'s first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIALCOURT ABUSED ITS DISCRETION BY REFUSING TO RELIEVE [A.K.] FROM THE CIVIL PROTECTION ORDER AGAINST HER.

**{¶10}** A.K. argues in her second assignment of error that the trial court abused its discretion in denying her Civ.R. 60(B) motion.

**{¶11}** App.R. 3(D) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate." "A party may amend a notice of appeal without leave if the time to appeal from the order that was the subject of the initial notice of appeal has not yet lapsed under App.R. 4. Thereafter, the court of appeals within its discretion and upon such terms as are just may allow the amendment of a notice of appeal, so long as the amendment does not seek to appeal from a trial court order beyond the time requirements of App.R. 4." App.R. 3(F).

**{¶12}** In her notice of appeal, A.K. indicated that she was only appealing the December 9, 2021 judgment. She never moved to amend the notice of appeal to include the ruling on her Civ.R. 60(B) motion. Accordingly, an appeal from the ruling on the Civ.R. 60(B) motion is not properly before this Court. *See State v. Parsons*, 9th Dist. Summit No. 29665, 2022-Ohio-2852, ¶ 10; *Grubb & Assocs., LPA v. Sandor*, 9th Dist. Summit No. 29089, 2019-Ohio-128, ¶ 7.

**{¶13}** A.K.'s second assignment of error is not properly before this Court.

### III.

**{¶14}** A.K.'s first assignment of error is overruled. Her second assignment of error is not properly before us. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JASON S. HARLESS, Attorney at Law, for Appellant.

E.E., pro se, Appellee.