[Cite as *P.D. v. R.M.*, 2023-Ohio-4176.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

P. D.

    Appellee

    v.

R. M.

    Appellant

C.A. No.    23AP0015

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    2023-CVC-C-00006

DECISION AND JOURNAL ENTRY

Dated: November 20, 2023

---

STEVENSON, Judge.

{¶1} Respondent-Appellant, R.M., appeals from the domestic violence civil stalking protection order entered by the Wayne County Court of Common Pleas in favor of Petitioner-Appellee, P.D. For the reasons set forth below, we dismiss this appeal.

I.

{¶2} P.D. filed a petition for a civil stalking protection order on February 16, 2023. An ex parte protection order was granted the same day. The case proceeded to a full hearing before the magistrate on March 23, 2023. On April 7, 2023, the magistrate issued a full civil stalking protection order. The trial court adopted the order on April 10, 2023, pursuant to Civ.R. 65.1(F)(3)(c). The magistrate found that the preponderance of the evidence showed R.M. knowingly engaged in a pattern of conduct that caused P.D. mental distress.

{¶3} On April 13, 2023, R.M. filed a letter that was addressed to the trial judge. The subject line of the letter stated "Final Decision Appeal." In the letter, R.M. requested that the case

be reheard. The letter contained six paragraphs explaining the reasons for his request for a rehearing. The trial docket reflects an entry on that date entitled "Correspondence Filed." The same day, R.M. filed a notice of appeal to this Court from the full civil stalking protection order, prior to the trial court taking any action or ruling on his letter. R.M. asserts one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**[P.D.] WAS AWARDED A 5-YEAR PROTECTION ORDER WITHOUT PROVIDING ANY EVIDENCE THAT SHE WAS IN DANGER. I HAVE NEVER BEEN VIOLENT OR AGGRESSIVE WITH HER.**

{¶4} Civ.R. 65.1 establishes the procedures regarding civil protection orders and provides:

(G) **Final order; Objections Prior to Appeal; Stay of Appeal**

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

{¶5} Thus, "[u]nder Civ.R. 65.1(G), a trial court's order that adopts, modifies, or rejects a magistrate's decision to deny or grant a protection order is a final appealable order." *C.N. v. K.N.*, 9th Dist. Medina No. 22CA0068-M, 2023-Ohio-2340, ¶ 3. R.C. 3113.31(G)(1), Ohio's statute regarding protection orders, also provides that "[a]n order * * * other than an ex parte order, that grants a protection order or * * * that refuses to grant a protection order * * * is a final, appealable order." Furthermore, "filing objections pursuant to Civ. R. 65.1(F)(3)(d) is mandatory," and is a prerequisite to consideration of the merits on appeal. *V.O. v. S.C.L.*, 9th Dist. Summit No. 29773, 2021-Ohio-683, ¶ 6. *See also R.D. v. D.D.*, 9th Dist. Medina No. 18CA0051-M, 2019-Ohio-1390,

¶ 5; *J.Y. v. J.Y.*, 9th Dist. Medina No. 17CA0037-M, 2018-Ohio-3522, ¶ 5; *A.S. v. D.S.,* 9th Dist. Medina No. 16CA0080-M, 2017-Ohio-7782, ¶ 6.

{¶6}     This Court considered a similar case to the instant matter in *Frith v. Frith*, 9th Dist. Summit No. 28361, 2017-Ohio-7848.  In *Frith*, the appellant filed timely objections to the full-hearing civil protection order and a request to supplement and brief his objections. *Id*. at ¶ 2.  A few weeks later, without having filed a transcript of the hearing with the trial court nor supplementing or briefing his objections, he appealed to this Court. *Id*.  "Although [the appellant] filed preliminary objections to the protection order in accordance with Civ.R. 65.1(G), the trial court did not issue a ruling on the objections." *Id*. at ¶ 4.

{¶7}     This Court ultimately held that "Civ.R. 65.1(G) requires objections to a civil protection order to be both timely filed and ruled upon or otherwise resolved by the trial court prior to the filing of an appeal to this Court. Consequently, at this time the matter is not procedurally subject to appeal." *Id*. at ¶ 5.  We then dismissed the appeal. *Id*. at ¶ 6.  In support, we took special note that:

> As the [2016] staff notes for division (G) indicate, the purpose of requiring that objections be filed prior to the filing of an appeal is to provide the trial court an opportunity to review the transcript and address any insufficiency of evidence or abuse of discretion, and to create a more robust record for the appeal. An appeal to this Court upon the mere filing of objections, without review by the trial court of those objections, thwarts the purposes of division (G). Likewise, the stay of the running of the time for appeal imparted by the timely filing of objections and lasting until the filing of the court's ruling on the objections would have little relevance if a party could simultaneously file an appeal to this court. Such a reading of the division (G) would also raise the spectre of concurrent jurisdiction of this Court and the trial court to review a protection order as a matter of first resort—a result clearly not intended by the amendment of division (G).

*Id*. at ¶ 4.

{¶8}     In the instant case, we have R.M.'s letter that might be considered an objection, although there are other possibilities. Since R.M. filed his letter contemporaneously with the notice

of appeal, thus foreclosing any opportunity the trial court might have had to rule on the letter, the trial court should make that determination in the first instance.

**{¶9}** Assuming without deciding, for the sake of argument, that R.M.'s letter is an objection, pursuant to *Frith*, the matter is not procedurally ripe for appeal because the trial court did not resolve the matter. *Frith* at ¶ 5. Although we are considering R.M.'s letter as an objection for purposes of this appeal, this Court takes no position on whether the filing should actually be considered an objection when the matter is further addressed by the trial court as it is for the trial court to make that determination and completely resolve it.

III.

**{¶10}** Based on the foregoing, this appeal is dismissed as procedurally not ripe for appeal because the trial court did not issue a ruling on R.M.'s letter prior to R.M.'s appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

HENSAL, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

RANDAL MACE, pro se, Appellant.