[Cite as *S.W. v. A.P.*, 2024-Ohio-1453.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| S. W. | C.A. No. 30830 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| A. P. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. DR 2023-07-1752 |

DECISION AND JOURNAL ENTRY

Dated: April 17, 2024

CARR, Presiding Judge.

{¶1} Appellant A.P. ("Mother") appeals, pro se, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} In July 2023, S.W. ("Daughter") filed a petition for a domestic violence civil protection order pursuant to R.C. 3113.31 against Mother, her mother. Daughter sought protection for herself and her four children. Daughter alleged that Mother was continually harassing Daughter, taking Daughter's children, breaking into Daughter's home, and asserted that Mother could be physically violent. An ex parte order was issued that day.

{¶3} In August 2023 a hearing was held, after which a full hearing domestic violence civil protection order was issued, signed by both the magistrate and the trial judge. Mother did not file objections.

{¶4} Mother has appealed, raising a single assignment of error for our review. Daughter did not file a brief in response. *See* App.R. 18(C),

II.

**ASSIGNMENT OF ERROR**

APPELLANT'S JUDGMENT FOR AN EX PARTE ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

{¶5} Mother argues in her sole assignment of error that the judgment was against the manifest weight of the evidence.

{¶6} "Under Civ.R. 65.1(G), a trial court's order that adopts, modifies, or rejects a magistrate's decision to deny or grant a protection order is a final appealable order." *C.N. v. K.N.*, 9th Dist. Medina No. 22CA0068-M, 2023-Ohio-2340, ¶ 3. "Nonetheless, a party must timely file objections to such an order * * * prior to filing an appeal[.]" (Internal quotations and citation omitted.) *Id.* "[F]iling objections pursuant to [the current version of] Civ.R. 65.1(F)(3)(d) is mandatory." *Id.*, quoting *V. O. v. S. C. L.*, 9th Dist. Summit No. 29773, 2021-Ohio-683, ¶ 6; *see also E.E. v. A.K.*, 9th Dist. Lorain No. 21CA011823, 2023-Ohio-2999, ¶ 7. Because Mother did not file objections as required by Civ.R. 65.1, this Court cannot consider the merits of her argument on appeal. *C.N.* at ¶ 3; *E.E.* at ¶ 8. Accordingly, Mother's assignment of error is overruled.

{¶7} At oral argument, Mother asserted that Daughter, who was very ill, wished to have the protection order vacated. Should that be the case, Daughter is free to institute proceedings to accomplish the same. This opinion should not be read as a bar to such action.

III.

{¶8} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

A. P., pro se, Appellant.

S. W., pro se, Appellee.