[Cite as *N.L. v. I.L.*, 2024-Ohio-4476.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

N. L.

    Appellee

v.

I. L.

    Appellant

C.A. No.     30956

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    2023-09-2371

DECISION AND JOURNAL ENTRY

Dated: September 11, 2024

FLAGG LANZINGER, Judge.

{¶1}    Defendant-Appellant, I.L., appeals a domestic violence civil protection order ("DVCPO") issued by the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2}    On September 8, 2023, N.L. sought a DVCPO after her husband, I.L., was arrested for domestic violence. The magistrate granted an ex parte protection order and scheduled the matter for a full hearing.

{¶3}    Prior to that full hearing, N.L. filed a motion in limine to exclude evidence. I.L. filed a response in opposition to N.L.'s motion. The magistrate granted N.L.'s motion to exclude evidence.

{¶4}    After the full hearing, the magistrate issued a two-year protection order. The trial court adopted the magistrate's decision. I.L. did not file objections.

**{¶5}** I.L. now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE MAGISTRATE ABUSED THEIR DISCRETION BY EXCLUDING EVIDENCE PROBATIVE OF THE APPROPRIATE SCOPE OF THE DOMESTIC VIOLENCE CIVIL PROTECTIVE ORDER.**

## ASSIGNMENT OF ERROR II

**THE MAGISTRATE ABUSED THEIR DISCRETION BY INCLUDING THE CHILDREN IN THE DOMESTIC VIOLENCE CIVIL PROTECTIVE ORDER PURSUANT TO R.C. 3113.3l(E)(l )( d).**

**{¶6}** In his two assignments of error, I.L. argues that the trial court abused its discretion when it (1) excluded evidence, and (2) included the children in the DVCPO.

**{¶7}** "Under Civ.R. 65.1(G), a trial court's order that adopts, modifies, or rejects a magistrate's decision to deny or grant a protection order is a final appealable order." *C.N. v. K.N.*, 2023-Ohio-2340, ¶ 3 (9th Dist.). "Nonetheless, 'a party must timely file objections to such an order * * * prior to filing an appeal[.]'" (Alterations in original.) *Id.*, quoting Civ.R. 65.1(G). "[F]iling objections pursuant to [the current version of] Civ.R. 65.1(F)(3)(d) is mandatory." (Alterations in original). *C.N.* at ¶ 3, quoting *V. O. v. S. C. L.*, 2021-Ohio-683, ¶ 6 (9th Dist.); *see also E.E. v. A.K.*, 2023-Ohio-2999, ¶ 7 (9th Dist.). Because I.L. did not file objections as required by Civ.R. 65.1, this Court cannot consider the merits of I.L.'s arguments on appeal. *C.N.* at ¶ 3; *E.E.* at ¶ 8. Accordingly, I.L.'s assignments of error are overruled.

III.

**{¶8}** I.L.'s assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

J. REID YODER, Attorney at Law, for Appellant.

JEANNE M. CHARLES, MICHAEL B. WATSON, SARAH J. FRANCOIS, and SHANNON R. DILLON, Attorneys at Law, for Appellee.