[Cite as *F.M. v. M.M.*, 2025-Ohio-4651.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| F. M. | C.A. No.   31397 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| M. M. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.   DR 2024-05-1308 |

DECISION AND JOURNAL ENTRY

Dated: October 8, 2025

HENSAL, Judge.

{¶1}   M.M. appeals an order denying a motion to modify or terminate a domestic violence civil protection order ("DVCPO") granted by the Summit County Court of Common Pleas, Domestic Relations Division.  This Court dismisses the appeal.

I.

{¶2}   On July 8, 2024, F.M. obtained a DVCPO restraining her father, M.M., from having contact with her for five years.  M.M. did not file objections to the DVCPO, and he did not appeal.  Instead, on October 8, 2024, he wrote a four-page letter to the trial court claiming that he wanted to "contest the 5 YEAR Protection order decision . . . based on [the magistrate's] findings that were not based on 'fact.'"  On October 30, 2024, M.M. filed a "Motion for Relief" in which he reiterated some of the statements that he made in his letter and asked the trial court to "[c]hange or correct the error in judgment provided in the 'findings of fact' by [the magistrate]."  The trial court characterized that motion as a motion for relief from judgment under Civil Rule 60(B).  He

also filed a motion to modify or terminate the DVCPO. On January 24, 2025, a magistrate issued decisions denying both motions, and the trial court entered judgment pursuant to Rule 53(D)(4)(e)(i) and Civil Rule 65.1(F)(3)(c), respectively. M.M. filed timely objections to both and requested the recording of the hearing on the motions. One week later, however, he filed this appeal challenging the trial court's order that denied the motion to modify or terminate the DVCPO. He has not appealed the order that denied the motion for relief from judgment.

II.

{¶3} Rule 65.1 governs civil protection orders, including DVCPOs. Civ.R. 65.1(A). Under Rule 65.1(F)(3)(d), "objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing" may be filed within fourteen days. The objecting party may file a transcript in support of the objections within thirty days and may supplement the objections with leave of court. Civ.R. 65.1(F)(3)(d)(iv). The provisions of Rule 65.1(F)(3) also apply to motions to modify or terminate protection orders. Civ.R. 65.1(F)(3)(e).

{¶4} The procedures related to appeal are described in Rule 65.1(G):

> **Final Order; Objections Prior to Appeal; Stay of Appeal.** Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

Although an order that adopts, modifies, or rejects a magistrate's decision under Rule 65.1(G) is a final appealable order, this Court has concluded that "'filing objections pursuant to Civ.R. 65.1(F)(3)(d) is mandatory,' and is a prerequisite to consideration of the merits on appeal." *P.D. v. R.M.¸* 2023-Ohio-4176, ¶ 5 (9th Dist.), quoting *V.O. v. S.C.L.*, 2021-Ohio-683, ¶ 6 (9th Dist.). We have also concluded that

> An appeal to this Court upon the mere filing of objections, without review by the trial court of those objections, thwarts the purposes of division (G). Likewise, the stay of the running of the time for appeal imparted by the timely filing of objections and lasting until the filing of the court's ruling on the objections would have little relevance if a party could simultaneously file an appeal to this court. Such a reading of the division (G) would also raise the spectre of concurrent jurisdiction of this Court and the trial court to review a protection order as a matter of first resort—a result clearly not intended by the amendment of division (G).

*Frith v. Frith*, 2017-Ohio-7848, ¶ 4 (9th Dist.). Consequently, "Civ.R. 65.1(G) requires objections to a civil protection order to be both timely filed and ruled upon or otherwise resolved by the trial court prior to the filing of an appeal to this Court." *Id*. at ¶ 5. When an appellant appeals after objections are filed but before the trial court has an opportunity to rule on those objections, the matter is not yet procedurally subject to appeal and must be dismissed. *Id*. at ¶ 5-6; *P.D.* at ¶ 7-10.

{¶5} M.M. filed timely objections to the trial court's order that adopted the magistrates' order denying the motion to modify or terminate the DVCPO. He requested the audio of the hearing on the motion, but he filed this appeal before the trial court had the opportunity to review his objections. This matter is, therefore, not yet procedurally subject to appeal and must be dismissed. *See Frisk* at ¶ 5-6; *P.D.* at ¶ 7-10.

III.

{¶6} This matter is not yet procedurally subject to appeal. The appeal is dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

M. M., pro se, Appellant.

F. M.,  pro se, Appellee.