**[Cite as *E.S. v. L.J.*, 2026-Ohio-900.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

E. S.

     Appellant

     v.

L. J.

     Appellee

C.A. No.      31614

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR-2025-07-1731

DECISION AND JOURNAL ENTRY

Dated: March 18, 2026

---

FLAGG LANZINGER, Presiding Judge.

{¶1} Petitioner-Appellant E.S. appeals the judgment entry of the Summit County Court of Common Pleas adopting the magistrate's decision denying his petition for a domestic violence civil protection order (DVCPO) on behalf of his minor child, Z.S. This Court dismisses the appeal.

I.

{¶2} E.S. filed a petition for a DVCPO pursuant to R.C. 3113.31 against L.J., Z.S.'s mother, on Z.S.'s behalf. A magistrate granted an ex parte DVCPO and set the matter for a full hearing. Following the full hearing, the magistrate filed a decision dismissing the petition on August 11, 2025. The trial court adopted the magistrate's dismissal that same day and ordered the ex parte order be terminated. E.S. filed timely objections to the magistrate's decision on August 15, 2025. However, before the trial court ruled on E.S.'s objections, E.S. filed a notice of appeal on August 18, 2025. The trial court stayed the proceedings pending resolution of E.S.'s appeal.

{¶3} E.S. raises four assignments of error for our review. E.S. numbered his assignments of error three through six. We have renumbered them one through four to avoid confusion.

II.

**ASSIGNMENT OF ERROR [I]**

**THE TRIAL COURT ERRED BY EXCLUDING [E.S.]'S MEDICAL RECORDS, X-RAYS, AND AUDIO RECORDINGS, THEREBY PREVENTING THE COURT FROM ENTERING ITS JUDGMENT BASED ON THE FULL RECORD.**

**ASSIGNMENT OF ERROR [II]**

**THE TRIAL COURT ERRED BY DISREGARDING WITNESS TESTIMONY REGARDING [L.J.]'S PRIOR INCONSISTENT STATEMENTS, DENYING A PROPER BASIS FOR ENTERING JUDGMENT.**

**ASSIGNMENT OF ERROR [III]**

**THE TRIAL COURT ERRED BY ADOPTING THE MAGISTRATE'S DECISION WITHOUT ADDRESSING [E.S.]'S OBJECTIONS OR THE PENDING EMERGENCY MOTION, RESULTING IN A DEFICIENT JUDGMENT ENTRY.**

**ASSIGNMENT OF ERROR [IV]**

**THE TRIAL COURT'S DENIAL OF THE CPO, DESPITE EVIDENCE OF INCONSISTEN[T] TESTIMONY AND LACK OF IMMEDIATE MEDICAL CARE FOR THE CHILD CONSTITUTED AN ABUSE OF DISCRETION.**

{¶4} In his first, second, third, and fourth assignments of error, E.S. contends the trial court erred when it adopted the magistrate's decision dismissing his petition for a DVCPO filed on behalf of Z.S. For the reasons that follow, this Court dismisses the attempted appeal.

{¶5} Civ.R. 65.1 governs the procedure applicable to special statutory proceedings providing for domestic violence civil protection orders pursuant to R.C. 3113.31. Civ.R. 65.1(A). Pursuant to Civ.R. 65.1(F)(3), a trial court may refer such proceedings to a magistrate for a full hearing and determination. If referred to a magistrate, the magistrate shall grant or deny a

protection order upon conclusion of the hearing. Civ.R. 65.1(F)(3)(a). Pursuant to Civ.R. 65.1(F)(3)(d)(i), a party may file objections to a trial court's adoption of a magistrate's denial of a protection order.

{¶6} Pursuant to Civ.R. 65.1(F)(3)(d)(i), "objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing" may be filed within fourteen days. The objecting party may file a transcript in support of the objections within thirty days and may supplement the objections with leave of court. Civ.R. 65.1(F)(3)(d)(iv). The burden is on the objecting party to show that an error of law or other defect is either evident on the face of the order or that the evidence presented in support the of the petition is insufficient to support the denial of the protection order. Civ.R. 65.1(F)(3)(d)(iii).

{¶7} Civ.R. 65.1(G) states the procedures relevant to an appeal of a grant or denial of a domestic violence civil protection order. That rule provides:

> **Final Order; Objections Prior to Appeal; Stay of Appeal**. Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) or division (F)(3)(e) of this rule is a final, appealable order. However, a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

An order that adopts, modifies, or rejects a magistrate's decision is a final appealable order. Civ.R. 65.1(G). However, this Court has concluded that "'filing objections pursuant to Civ.R. 65.1(F)(3)(d) is mandatory,' and is a prerequisite to consideration of the merits on appeal." *P.D. v. R.M.¸* 2023-Ohio-4176, ¶ 5 (9th Dist.), quoting *V.O. v. S.C.L.*, 2021-Ohio-683, ¶ 6 (9th Dist.). We have also concluded that

> An appeal to this Court upon the mere filing of objections, without review by the trial court of those objections, thwarts the purposes of division (G). Likewise, the stay of the running of the time for appeal imparted by the timely filing of objections and lasting until the filing of the court's ruling on the objections would have little relevance if a party could simultaneously file an appeal to this court. Such a reading

of the division (G) would also raise the spectre of concurrent jurisdiction of this Court and the trial court to review a protection order as a matter of first resort—a result clearly not intended by the amendment of division (G).

*F.M. v. M.M.*, 2025-Ohio-4651, ¶ 4, quoting *Frith v. Frith*, 2017-Ohio-7848, ¶ 4 (9th Dist.). "Consequently, 'Civ.R. 65.1(G) requires objections to a civil protection order to be both timely filed and ruled upon or otherwise resolved by the trial court prior to the filing of an appeal to this Court.'" *F.M.* at ¶ 4, quoting *Frith* at ¶ 5. "When an appellant appeals after objections are filed but before the trial court has an opportunity to rule on those objections, the matter is not yet procedurally subject to appeal and must be dismissed." *F.M.* at ¶ 4, citing *Frith* at ¶ 5-6; *P.D.* at ¶ 7-10.

{¶8} E.S. filed timely objections to the trial court's order adopting the magistrate's decision dismissing his petition for a domestic violence civil protection order. However, he filed this appeal before the trial court had the opportunity to review his objections. Therefore, this matter is not yet procedurally subject to appeal and must be dismissed. *See F.M.* at ¶ 5; *Frith* at ¶ 5-6; *P.D.* at ¶ 7-10.

III.

{¶9} This matter is not yet procedurally subject to appeal. The appeal is dismissed.

Appeal dismissed.

––––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

E. S., pro se, Appellant.

L. J., pro se, Appellee.