**[Cite as *State v. Parsons*, 2026-Ohio-1752.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

KELLY LEE PARSONS

    Appellant

C.A. No.    31620

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-1990-03-0594-C

DECISION AND JOURNAL ENTRY

Dated: May 13, 2026

---

CARR, Presiding Judge.

{¶1}    Defendant-Appellant Kelly Lee Parsons appeals, pro se, the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2}    "In 1990, Parsons pleaded guilty to aggravated murder and aggravated robbery. He was sentenced to a term of life imprisonment on the murder count and 10 to 25 years on the aggravated robbery count. His sentences were ordered to run concurrently. Parsons appealed to this Court, and we affirmed." *State v. Parsons*, 2022-Ohio-2852, ¶ 2 (9th Dist.), citing *State v. Parsons*, 1991 WL 35107, *1 (9th Dist. Mar. 13, 1991).

{¶3}    Subsequently, Parsons filed numerous pro se motions in the trial court, including multiple motions seeking to withdraw his plea. Relevant to this appeal, in May 2019, he filed a motion seeking to withdraw his plea on the basis that the State violated the plea agreement by giving a negative opinion or recommendation at the time of Parsons' parole hearings. Parsons'

motion was denied. Parsons filed a motion for a delayed appeal, which was ultimately granted. This Court affirmed the decision of the trial court. *Parsons*, 2022-Ohio-2852, at ¶ 11, 13 (9th Dist.).

{¶4} In September 2024, Parsons filed another motion to withdraw his guilty plea based upon the same argument as his 2019 motion. In January 2025, the trial court denied the motion. Parsons did not appeal.

{¶5} In June 2025, Parsons again moved to withdraw his guilty plea for the same reason. Parsons asserted in his motion that it was accompanied by an affidavit of an attorney who spoke to the prosecutor's office and confirmed that the prosecutor's office had previously opposed Parsons' parole request as the office was unaware of that portion of the plea agreement. However, the only document attached to Parson's motion was a transcript of his plea hearing.

{¶6} The State opposed the motion, citing both res judicata and law of the case, but also argued that Parsons had not demonstrated a manifest injustice. In July 2025, the trial court concluded that Parsons' argument was barred by res judicata, and, even if it was not, Parsons had not demonstrated a manifest injustice.

{¶7} Parsons has appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED THE OHIO AND UNITED STATES CONSTITUTION WHEN THE TRIAL COURT CONCLUDED APPELLANT'S CRIM.[R.] 32.1 MOTION TO WITHDRAW THE GUILTY PLEA WAS BARRED BY RES JUDICATA.

{¶8} Parsons argues in his first assignment of error that the trial court erred in concluding that his motion to withdraw his guilty plea was barred by res judicata.

{¶9} "This Court has recognized that a successive motion to withdraw a guilty plea filed pursuant to Crim.R. 32.1 is subject to the doctrine of res judicata. Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated. An offender may not raise issues in a successive motion to withdraw a guilty plea that could have been raised in the initial motion." *State v. Brundage*, 2025-Ohio-2310, ¶ 9 (9th Dist.), quoting *State v. Kimbro*, 2014-Ohio-4869, ¶ 7 (9th Dist.).

{¶10} Here, in Parsons' motion to withdraw, he raised the same issue that he has previously raised twice before. Accordingly, res judicata was applicable. *See Brundage* at ¶ 9. While Parsons asserts that he presented the trial court with newly discovered evidence, i.e. an affidavit of an attorney, no such affidavit accompanied Parsons' filing in the trial court. Parsons has not demonstrated the trial court erred in concluding that res judicata barred his motion.

{¶11} Parsons' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED THE OHIO AND UNITED STATES CONSTITUTION WHEN THE TRIAL COURT DENIED APPELLANT'S CRIM.[R.] 32.1 MOTION TO WITHDRAW THE GUILTY PLEA STATING NO MANIFEST INJUSTICE OCCURRED WHEN THE STATE VIOLATED THE TERMS AND CONDITIONS OF THE JUDICIALLY SANCTIONED PLEA AGREEMENT.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND VIOLATED THE OHIO AND UNITED STATES CONSTITUTION AND CREATED A MANIFEST INJUSTICE WHEN THE TRIAL COURT KNEW THE STATE VIOLATED THE TERMS AND CONDITIONS OF THE JUDICIALLY SANCTIONED PLEA AGREEMENT AND FAILED TO ENFORCE THE PLEA AGREEMENT OR ALLOW THE APPELLANT TO WITHDRAW THE VIOLATED PLEA AGREEMENT.

{¶12} In his remaining assignments of error, Parsons essentially argues that he demonstrated that a manifest injustice existed as he established that his plea agreement was violated.

{¶13} In the instant matter, the trial court concluded that Parsons' argument was barred by res judicata, but, if it was not, then the trial court opined that Parsons had not demonstrated a manifest injustice. Because the trial court correctly determined that Parsons' motion was barred by res judicata, any error the trial court made in its examination of the merits of Parsons' claim was harmless.

{¶14} Parsons' second and third assignments of error are overruled.

III.

{¶15} Parsons' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

KELLY LEE PARSONS, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Proecuting Attorney, for Appellee.